**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

_____

No. 94-10302
Summary Calendar
_____


JOHNNY LOGAN HICKS,

Petitioner-Appellant,


VERSUS

WAYNE SCOTT,
Director, Texas Department of Criminal Justice,
Institutional Division,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Northern District of Texas
(4:93 CV 392 Y)
_____
March 20, 1995


Before SMITH, EMILIO M. GARZA, and PARKER, Circuit Judges.

JERRY E. SMITH, Circuit Judge:[*]


The petition for rehearing is GRANTED. The court withdraws its prior opinion issued on October 13, 1994, and substitutes the following:

---

[*] Local Rule 47.5.1 provides: "The publication of opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession." Pursuant to that rule, the court has determined that this opinion should not be published.

Johnny Hicks appeals the denial of his petition for writ of habeas corpus for procedural default in the state courts. Because the state concedes that the Texas abuse-of-the-writ doctrine is not followed regularly by the state courts, see Lowe v. Scott, No. 93-1276 (5th Cir. Mar. 20, 1995), issued contemporaneously herewith, we affirm on the merits and not because of procedural default.

Hicks has not demonstrated a substantive basis for a Batson claim. Five black veniremen were excluded at trial. Hicks did not object to the exclusion of four of them, challenging only that of the fifth, Williams.

A claim under Batson cannot be asserted on appeal where the defendant did not object at trial, as Hicks did not with regard to the first four. See, e.g., Wilkerson v. Collins, 950 F.2d 1054, 1063 (5th Cir.), cert. denied, 113 S. Ct. 3035 (1992). The fifth, Williams, was successfully challenged for cause by the prosecution because of absenteeism.

Williams was nowhere to be found when the jury was called into the courtroom to be sworn. Nor was he present at 9:00 a.m. the next day. At 9:25 a.m., the judge proceeded without Williams. At about 11:00 a.m., Williams appeared in court pursuant to an attachment that had been issued the day before, when he was first discovered missing. The state objected to Williams on the basis that he had missed the court's instructions and the state's initial voir dire, and the objection was sustained by the court. Batson is inapplicable to an exclusion for cause in a case such as this,

2

where a venireman's erratic behavior and absences have inconvenienced the court and where the reasons for the exclusion appear on the face of the record.

AFFIRMED.